**CHION YIN KONG, a.k.a. Ching Ying Kuang, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

No. 08–5277–ag.

United States Court of Appeals, Second Circuit.

June 11, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Andre Sobolevsky, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; James A. Hunolt, Senior Litigation Counsel; Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, Chion Yin Kong, a native and citizen of the People's Republic of China, seeks review of an October 6, 2008 order of the BIA denying his motion to reopen his exclusion proceedings. *In re Kong,* No. A 070 078 188 (B.I.A. Oct. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Kong's untimely motion to reopen.

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision or on or before September 30, 1996, whichever is later. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Kong's motion to reopen as untimely where it was filed more than twelve years after September 30, 1996. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, substantial evidence supports the BIA's conclusion that Kong failed to establish materially changed conditions in China. *See Jian Hui Shao,* 546 F.3d at 169.

The BIA reasonably determined that much of the evidence Kong submitted concerned his personal activities in the United States rather than country conditions in China. This evidence included documents showing his marriage to a U.S. citizen, the birth of his U.S. citizen daughter, and his involvement in the Chinese Democracy Party ("CDP"). *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir.2008); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006). As the BIA found, Kong's involvement in the CDP was a change in his personal circumstances, not conditions in China. To the extent that Kong's arguments can be construed as asserting that the Chinese government's awareness of his CDP activities constitutes changed circumstances excusing the untimely filing of his motion to reopen, the BIA reasonably viewed the motion as based on "circum-

stances entirely of his own making," which did not exempt the motion from the applicable time and number bars. *See Wei Guang Wang*, 437 F.3d at 274. Indeed, it would defeat the purpose of the existing statutory and regulatory scheme to find that an alien who changes his personal circumstances, and makes his potential persecutors *aware* of that change, may establish changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Yuen Jin*, 538 F.3d at 155–56.

The BIA also reasonably found that none of the evidence Kong submitted in support of his family planning claim demonstrated changed circumstances in China. Indeed, the only evidence he submitted in support of that claim was the birth certificates of his U.S. citizen daughter and stepson and his own affidavit. This evidence does not indicate that conditions have changed with respect to China's family planning policy. *See Jian Hui Shao*, 546 F.3d at 169. We decline Kong's request that we remand his case for the agency to consider additional evidence that he did not submit before the BIA. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007).

Although Kong argues that the BIA abused its discretion in failing to explicitly consider all of the record evidence, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006). Contrary to Kong's argument, the BIA did not err in failing to explicitly address the evidence indicating that his family would face hardship upon his re-

moval because such hardship would not excuse the time limitation on his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3).

Accordingly, we conclude that the BIA's denial of Kong's motion to reopen was not an abuse of discretion.[2] This Court lacks jurisdiction to review the BIA's decision not to reopen Kong's case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Ali*, 448 F.3d at 518. To the extent Kong challenges that aspect of the BIA's decision, we dismiss the petition for review.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. Because Kong has failed to raise any claim before this Court based on his illegal departure from China, as he did in his motion before the BIA, we deem any such argument

waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

